IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | Criminal Number: 4:17-cr-181-O |
| | § | |
| SERGIO ABRAHAM VALADEZ (07) | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant's Motion for the Return of Property Pursuant to Federal Rule of Criminal Procedure Rule 41(g) filed on October 5, 2020. ECF No. 401. United States District Judge Reed O'Connor referred the Motion to the undersigned by electronic order entered on October 7, 2020. ECF No. 402. After reviewing the Motion (ECF No. 401), the Response to Request for Return filed by the government (ECF No. 404), and relevant legal authorities, the undersigned recommends that Judge O'Connor **DENY** the Motion.

In his Motion, Defendant invokes Rule 41(g) and requests that the Court order his former counsel to return a portion of the fee paid to him by Defendant. Defendant asserts that he is a "person aggrieved … by the deprivation of property" and is covered by the provisions of the Rule. However, Rule 41(g) applies to situations in which the United States possesses the defendant's property, not when another party does so. "[A]ppropriate circumstances exist for a Rule 41(g) motion only if the United States possesses the property." *Gluck v. United States*, No. 3:19-cv-02518-M-BT, 2020 WL 4195960 at *2 (N.D. Tex. June 24, 2020) (citing *Hill v. United States*, 296 F.R.D. 411, 414 (E.D. Va. 2013)).

It appeared to the Court that the dispute at issue in the Motion is between Defendant and his former attorney and that the United States does not possess the disputed fee. To verify this, the Court ordered the government to file a response to Defendant's Motion that included a statement whether it possesses the disputed fee at issue, or any other property owned by Defendant to which

Federal Rule of Criminal Procedure 41(g) would apply. ECF No. 403. The government filed its Response on October 19, 2020 and stated that it "does not possess the money Valadez claims he paid his attorney, Vickers Cunningham" and "also does not possess any personal property belonging to Valadez." ECF No. 404 at 1. There is no evidence before the Court that contradicts the government's representations concerning Defendant's property.

Because the government does not possess any of Defendant's property that would be subject to Rule 41(g), Judge O'Connor should **DENY** the Motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** October 23, 2020.

                                                       Hal R. Ray, Jr.
                                                      UNITED STATES MAGISTRATE JUDGE